DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GREGG RASOR,**
Appellant,

v.

**IN RE: ESTATE OF EDWARD BERNARD RASOR,**
and **JAY DICK,**
Appellees.

No. 4D20-1489

[March 30, 2022]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Mily Rodriguez Powell, Judge; L.T. Case No. 062017CP004900A001CE.

Carolyn B. Brombacher of Tripp Scott, P.A., Fort Lauderdale, for appellant.

Michele M. Thomas of Adrian Philip Thomas, P.A., Fort Lauderdale, for appellee Jay Dick.

KUNTZ, J.

Gregg Rasor appeals the circuit court's order granting Jay Dick's motion to strike Gregg's amended objection to Virginia Rasor's elective share. We affirm in part, reverse in part, and remand for further proceedings.

*Background*

Edward Rasor's surviving spouse, Virginia Rasor,[1] petitioned to establish and probate Edward's lost or destroyed will on October 27, 2017. She alleged that Edward's son, Gregg Rasor, was qualified to serve as the personal representative of Edward's estate.

---

[1] Virginia died four months after Edward. Her son, Jay Dick, was appointed personal representative of her estate.

The same day she filed the petition, Virginia filed an "Election to Take Elective Share" of Edward's estate.  She also filed a "Notice of Election to Take Elective Share."  She served both documents on Gregg and his siblings, Dean Rasor and Sherri Shafranski.

Months later, Gregg petitioned for administration of Edward's estate.  On April 23, 2018, the circuit court admitted the will to probate and appointed Gregg as the personal representative of Edward's estate.

On May 11, 2018, Gregg filed both the notice of administration and Virginia's notice to take elective share.  That same day, he also filed proof of service of these documents on himself, individually as an interested person, and on Dean and Sherri.

Twenty days later, Gregg objected to Virginia's election to take an elective share, alleging that Virginia was unduly influenced when she made her election.  Dean and Sherri adopted Gregg's objection.

Jay Dick, Virginia's personal representative, responded to Gregg's objection.  He argued Virginia's estate was entitled to an elective share of Edward's estate because Virginia timely filed her election before she died.  He also argued that Gregg failed to file his objection within 20 days of service of Virginia's election.  As such, he argued that Gregg waived his objection to Virginia's election under Florida Probate Rule 5.360(b)(4).

The probate court agreed with Virginia's personal representative that Gregg's objection was untimely and struck the objection.  Without a timely objection, the court found that Virginia's estate was entitled to an elective share of Edward's estate.

*Analysis*

The timing of Gregg's objection to Virginia's election is at issue.[2]  Gregg argues that the court erred when it found he failed to timely file his objection.  The answer depends on when the clock started to run.

In Florida, "[t]he surviving spouse of a person who dies domiciled in Florida has the right to a share of the elective estate of the decedent as provided in this part, to be designated the elective share."  § 732.201, Fla. Stat. (2017).  The timing and procedure for a surviving spouse to take an elective share is governed by section 732.2135, Florida Statutes

---

[2] Gregg also challenges the timeliness and service of Virginia's election.  We reject these arguments without discussion.

(2017), and Florida Probate Rule 5.360. Upon receipt of an election, rule 5.360(b)(3) requires the personal representative to serve notice of the election on all interested persons within twenty days. And under rule 5.360(b)(4), interested parties may file an objection within twenty days after the personal representative serves them notice of the election.

Gregg acknowledged receipt of Virginia's election on November 9, 2017. Had Gregg been appointed as Edward's personal representative at that time, he would have had twenty days to serve notice of the election on the interested parties and an additional twenty days after service of the notice to file an objection. *See* Fla. Prob. R. 5.2405(b)(1) ("[A]ny notice shall be deemed as having been served on the personal representative on . . . the date on which the person acknowledges in writing receipt of the notice[.]").

But because Gregg had not been appointed as Edward's personal representative yet, the clock did not start to run when Virginia served him with her notice of election. Gregg's duties as personal representative did not begin until the time of his appointment nearly six months later. *See* § 733.601, Fla. Stat. (2017) ("The duties and powers of a personal representative commence upon appointment."). So Gregg was not required to object within twenty-days of receiving Virginia's notice of election in November 2017.

Instead, Gregg needed to act when he was appointed as Edward's personal representative. As personal representative, Gregg needed to "serve a notice of election within 20 days following service of the election, together with a copy of the election, on all interested persons in the manner provided for service of formal notice." Fla. Prob. R. 5.360(b)(3). In the notice of election, Gregg had to notify interested persons, among other things, that "objections to the election must be served within 20 days after service of the copy of the notice of election." *See* Fla. Prob. R. 5.360(b)(3)(B).

Within twenty days of his appointment as Edward's personal representative, Gregg served Virginia's election on himself and his siblings, complying with rule 5.360(b)(3)'s service requirements by the personal representative. Gregg's compliance with rule 5.360(b)(3) initiated the twenty-day period for interested persons to object to the election under rule 5.360(b)(4). Again, under rule 5.360(b)(4), Gregg timely acted. Now acting in his individual capacity, Gregg served an objection to Virginia's election within twenty days of service of the notice by the personal representative.

3

*Conclusion*

Gregg served his objection to Virginia's election within twenty days of service of the notice of election by the personal representative. So his objection was timely, and the circuit court's order striking his objection is reversed.

*Affirmed in part, reversed in part, and remanded for further proceedings.*

CONNER, C.J., and FORST, J., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**